```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

| | |
|---|---|
| **WENDY M. ZUNIGA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. 19-2183-TLP-tmp |
| | ) |
| **MEMPHIS POLICE DEPARTMENT,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

_____

                    **REPORT AND RECOMMENDATION**
_____

Before the court is plaintiff Wendy M. Zuniga's *pro se* complaint. (ECF Nos. 1.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that defendants Memphis Mayor Jim Strickland and Police Director Michael Rallings be dismissed from this action *sua sponte* because Zuniga's complaint fails to state a claim as to either. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  PROPOSED FINDINGS OF FACT

Zuniga's complaint names as defendants the City of Memphis ("City"), Memphis Police Department, Officers Kevin Jackson,

Heather Starks, and Christopher Matthew, Lieutenant Colonel Jasper Clay, Mayor Strickland, and Director Rallings. (ECF No. 1 at 1-2.) This action arises under 42 U.S.C. § 1983 and appears to be based on a March 20, 2018, encounter between Zuniga and several Memphis police officers, and a subsequent investigation into Zuniga's complaints regarding that encounter. (Id. at 2.) In the "Statement of the Claim" section, the complaint specifically names Officer Jackson and Officer Matthew and describes their alleged wrongful conduct. (Id.) Attached to the complaint is a Civilian Witness Statement that Zuniga apparently gave to the City's Police Division Inspectional Services Bureau following the encounter; that statement specifically names Officer Clay and Officer Starks and indicates their allegedly wrongful conduct. (ECF No. 1-1 at 6; 4; 7.) Also attached to the complaint is the Inspectional Services Bureau's response to the complaint, which indicated that Officer Jackson did not violate any regulations. (Id. at 9.) That letter was authored by Lieutenant Colonel Clay. (Id.) The letter includes in the heading the names of Jim Strickland, the City's Mayor, and Michael Rallings, the Director of the City's Division of Police Services. (Id.) Zuniga's filings thus contain only two references to these two defendants: on the second page of her complaint, she names each under the

- 2 -

"Additional Defendants" section but describes no conduct on the part of either; and in the heading of the Inspectional Services Bureau's letter.

Zuniga appears to bring claims based on violations of her Fourth Amendment and due process rights, and also appears to reference the Tennessee Governmental Tort Liability Act and the tort of assault. (ECF No. 1 at 2-3.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

    *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed.  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading.  See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.  Failure to State a Claim**

    Defendants Mayor Strickland and Director Rallings should be dismissed from this action because the complaint fails to state a claim as to either.  Zuniga's complaint is styled as an action brought under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Zuniga has not pleaded facts sufficient to state a plausible claim for relief as to either Mayor Strickland or Director Rallings. As described above, Zuniga's complaint contains just two references to these defendants: once in a section of the complaint that merely lists the defendants, and once in the heading of a letter sent by the Inspectional Services Bureaus. Even liberally construed, the complaint lacks factual matter describing wrongful conduct on the part of either defendant. The complaint thus fails to include facts that would lead the court to reasonably infer that either defendant could be liable for a violation of Zuniga's rights. This court cannot create a claim that has not been spelled out in a pleading. See Brown, 415 F. App'x at 613; Payne, 73 F. App'x at 837. Because the complaint is wholly devoid of factual allegations sufficient to state a plausible claim for relief as to these two defendants, they must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Iqbal, 556 U.S. at 679.

### III. RECOMMENDATION

For the above reasons, it is recommended that Mayor Jim Strickland and Director Michael Rallings be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 28, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**